SEBASTIAN vs. JOHN BRYAN.

Where the bond of a guardian is conditioned for the future faithful performance of his guardianship, and does not extend to indemnify the ward for the guardians previous default, the liability of the securities in the bond begins only from their undertaking, and does not extend to any waste committed by the guardian previous to the execution of the bond.

The mere non-payment of the balance on the annual settlement of the guardian— where there has been no final settlement and order to pay—does not fix any liability on him or his securities.

Quere; Can a minor, who has a guardian, bring an action upon the bond of a former guardian ?

A court of law is not the proper jurisdiction to ascertain the final balance due the ward upon the unsettled account of his guardian, although when the account is once settled, the jurisdiction for its recovery may be clear

An obligor in a guardian's bond that has been accepted by the Probate Court, is estopped from setting up as a defence to an action upon the bond, that the court did not order it to be made.

The Probate Court cannot, by order, release the securities in a guardian's bond, upon the presentation and acceptance of another bond by the guardian; and a plea setting up such order in an action upon the second bond is bad.

*Appeal from Phillips Circuit Court.*

Hon. GEORGE W. BEAZLEY, Circuit Judge.

WATKINS & GALLAGHER, for appellant.

An action at law cannot be maintained on a guardianship bond before the accounts have been adjusted; and a specific sum decreed to be paid over. 19 *J. R.* 303; 3 *Hill* 77; 1 *Root* 51.

It is admitted by the demurrer to the plea that previous to the execution of the bond sued on, the guardian had wasted all the property of the ward which had come to his hands; and that none had come to his hands since the execution of the bond. And the bond sued on cannot be held liable for such previous waste.

No order having been made by the Probate Court for additional security, the bond sued on is not available to the plantiff.

To make the securities liable to an action for a balance of monies due by the guardian, that balance must not only have been ascertained, by the proper court and struck as a final balance, but there must be an order of the proper court directing its payment, and default of payment under that order. See *Jones vs. The State*, 14 *Ark.* 171, and *Outlaw vs. The Gov.*, 5 *Ark.* 468.

FOWLER & STILLWELL, for appellee.

The defendant's liability as surety was not restricted to matters occurring after the execution of the bond; but he became responsible to the ward for all moneys, etc., that came to the hands or possession of the guardian, whether before or after the execution of the bond. *Sec. 9, ch.* 80 *Dig*.

It matters not whether the bond was given in obedience to an order of the Probate Court, or voluntarily. The security is precluded from denying that such an order was made. 11 *Ark.* 686.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

Among the pleas interposed by Sebastian in defence of this suit, which is an action brought against him as surety for James B. Jackson, a former guardian of the plaintiff below, and appellee, were three that were quashed on demurrer; and the object of this appeal is, to have the judgment that was rendered against Sebastian by the Phillips Circuit court reversed, for its alleged erroneous action upon these pleas.

The pleas in question were the 6th, 7th and 8th of those filed by Sebastian.

The 6th plea, in substance is: that before the execution of the bond declared on, James B. Jackson had been duly appointed guardian of the appellee, by the Probate Court of Phillips county, and had given a bond for the performance of his duties, to which William Weatherly and Henry M. Grant were securities, which bond was approved by the Probate Court; and that while Weatherly and Grant were Jackson's securities, and before Sebastian was, the money, the non payment of which is the cause of action set forth in the declaration, came to the hands of Jackson, and was by him then wasted.

The effect of the plea is to throw the responsibility of the guardian's waste upon his securities at the time of the waste, at least not to charge Sebastian with a loss that did not happen during his suretyship.

We think the plea is a good answer to the declaration.

In the absence of any statute extending the liability of sureties in a bond, it ought to begin only with their undertaking, as such must be supposed to have been their intention; or if the bond itself had provided for a liability to begin from the appointment of the principal as guardian, or at any point previous to its date, the plea might not have been good.

But the declaration only shows a bond conditioned for the future faithful performance of Jackson's guardianship, and plainly does not extend to indemnify the plaintiff below for his previous default.

Such is the principle of the case of the *State use of Dennard vs. Roberts, ante.,* where it was held, upon a question of liability between the sureties on a deceased sheriff's bond and the administrator, that the liability became perfect when the breach of duty was committed.

And the plea in this case going further than to show the retention of the money mentioned in the declaration, by averring its actual appropriation, by waste of Jackson, before the

·execution of the bond sued on, brings itself within the case cited.

··· The demurrer to this plea should not have been sustained.

As the case is to be reversed for the ·error just indicated, and as the demurrer to the pleas reach back to the declaration, we suggest the following matters, as arising upon the declaration:

·· That this action seems to have been brought by the minor, when there is a guardian successor to Jackson.

The cause of action declared on, the one that is the subject of the sixth plea, and the one upon which the verdict and judgment seem to have been founded, is, that at the first annual settlement of the guardian Jackson, he showed himself indebted to the plaintiff below in the sum of six hundred and nine 37-100 dollars, which has never been paid. Jackson while guardian, ·and the declaration shows he was so till his death, was the one to retain this money subject to proper expenditures for his ward, and the mere non-payment of it does not fix any liability upon him, or upon his sureties.

And further, the settlement merely shows an unsettled ·guardianship, a trust account, and a ·court of law is not the proper jurisdiction to ascertain the final balance of such unsettled account, although·when once settled, the jurisdiction for its recovery may be clear.

The 7th plea alleged the former bond of Jackson as did the sixth plea, and that the bond in suit was given without any order of the Probate Court on account of the former bond being insufficient.

This plea presented no defence to the action, and the demur-·rer to it was properly sustained. It is not for one who has voluntarily signed a guardian's bond·that has been accepted by the court, to object that the court did not order it to be made.

Having executed the bond an obligor is estopped from denying its effect.

This, though perhaps not within the letter, is within the principle of *Sullivan vs. Pierce*, 5 *Eng*. 503; and *Outlaw vs. Yell*, 3 *Eng*. 353.

The eighth plea contains the allegations of the sixth plea, and avers further, that upon presentation of the bond sued on to the probate court of Phillips county, an order was made by the court, accepting such bond in the place of the former bond of Weatherly and Grant, and that Weatherly and Grant should be discharged from all liability. upon the bond whereby Sebastian was injured.

This plea is also bad. No such order of the probate court could discharge Weatherly and Grant from any liability incurred by them as Jackson's securities. It could not affect the pleader in any way, and was no defence to his own liability.