JOHN W. NOBLE *versus* WILLIAM EDES.

A promissory note, where a payment has been made and indorsed thereon by *the maker*, will not be barred by the statute of limitations, until six years from such indorsement.

A verbal promise made to the maker of a note by the holder of it, to surrender it in payment of an account the maker had against a third person and which the holder of the note was not liable for, will not, unless it is executed, affect the note, as a payment.

EXCEPTIONS from the ruling of DAVIS, J.

This was an action of ASSUMPSIT on a promissory note.

*A. A. Strout*, for the plaintiff.

*Perry*, for the defendant.

The opinion of the Court was drawn up by

DAVIS, J.—June 2, 1854, the defendant gave his promissory note to Henry L. Buck, for $95,60, payable in five

months. It was overdue when indorsed to the plaintiff. There was an indorsement of a payment of $78,00, dated Nov. 22, 1854, proved to be in the handwriting of the defendant. The writ was dated Nov. 10, 1860. The plea was the general issue, with a brief statement of payment, and the statute of limitations.

The jury were instructed that if the indorsement of the payment was in the handwriting of the *defendant*, that was sufficient evidence to authorize them to find a payment that would prevent the note from being barred by the statute of limitations. The correctness of the instruction cannot be doubted. Such indorsement was an admission by the defendant, that he had made a payment within six years before the suit was commenced; and, being made by the party *by* whom, and not the party *to* whom the payment was made, the effect of it has not been changed by statute. R. S., c. 81, § 111.

The defendant testified that Buck, while he held the note, wrongfully hauled away a quantity of shingles from his (the defendant's) mill, upon which he had a lien for sawing; that the shingles were owned by A. H. Pike; and that Buck afterwards agreed to give up the note in suit in payment of the defendant's bill against Pike for sawing the shingles. Buck denied that he made any such agreement. The plaintiff contended that, if he did, it was a promise to pay the debt of another, and was void, being without consideration. The defendant contended that Buck became personally liable to pay the bill for sawing, by hauling away the shingles after being notified that the bill had not been paid; and that such liability was a sufficient consideration for his promise to give up the note in payment of the bill.

The jury were instructed that if Buck agreed to consider the note paid by the discharge of the account against Pike, and the defendant thereupon discharged the account, the discharge of the one was a sufficient consideration for the discharge of the other; and that the note was thereby rendered void. But they were further instructed, that if the

agreement was an executory one, and never executed, — Buck agreeing at some future time to give up the note in payment of the account against Pike, but never having done it, — then such executory agreement did not discharge either the note or the account.

These instructions were sufficiently favorable to the defendant. If Buck hauled away the shingles wrongfully, and thereby became liable for the tort, he was not liable *upon the account* against Pike. His promise, (if he made such,) to surrender the note in payment of the account, unless it was executed, did not affect the note, as a payment of it. It did not render him liable upon the account. He might still have maintained an action upon the note; and the claim set up by the defendant would not have been available either in set-off, or as a payment. *Weeks* v. *Elliot*, 33 Maine, 488; *Mansur* v. *Keaton*, 46 Maine, 346.

*Exceptions overruled.*

APPLETON, C. J., RICE, CUTTING, KENT and WALTON, JJ., concurred.