VANCE, Guardian, vs. BEATTIE, Ad., et al.

1. GUARDIAN: *When may be sued on his bond.*
   Until there is a final settlement of a guardian's account in the probate court, and an order of the court for him to pay over some balance found due his wards on such settlement, there is no legal cause of action on his bond.

2. PLEADING AND PRACTICE: *Judgment on demurrer to complaint.*
   When a demurrer to a complaint is sustained it is unnecessary to dispose of the defendant's pleas filed with it. The complaint being bad the defense is complete.

APPEAL from *Crittenden* Circuit Court.

Hon. L. L. MACK, Circuit Judge.

*Lyles* (of Memphis), for appellant.

*Peters* (of Memphis), *contra.*

ENGLISH, C. J. This suit was brought in the circuit court of Crittenden county by William Vance, jr., as the guardian of Elizabeth and Sallie Thatcher, minors, against John R. Jenkins, administrator of Robert B. Malone, deceased, former guardian of said minors, and William Beattie, ad-

ministrater of Andrew J. Cunningham, deceased, one of the sureties in the bond of Malone.

The action was founded on the bond of Malone, who was appointed guardian of said minors by the probate court of Crittenden county, on the twentieth of January, 1862, and executed the bond sued on, with Cunningham and Levi W. Jones, not sued, as his sureties. The plaintiff succeeded Malone in the guardianship of the two minors, under appointment by the same court.

The complaint alleges as a special breach of the bond, that on the sixteenth of May, 1862, Malone, without legal authority, and without security, loaned $1,476 of the money of his wards to a firm styling themselves Pucket, Hodges & Ward, and took their notes therefor, which became worthless by their insolvency, and that neither Malone nor his sureties had paid the money, with interest, to plaintiff or his wards.

By an amendment to the complaint, it was alleged that on the eighteenth of October, 1865, Malone filed an annual account current, in which he charged himself with said note and other effects in his hands, amounting to $5,273.85, which was approved by the probate court at the April term, 1869. But there is no averment in the complaint or amendment that any final settlement of his accounts as such guardian had been made, or that the probate court had ordered him, or his administrator, to pay over to plaintiff, as his successor, the amount of the money sued for, or any other sum.

The defendants demurred to the complaint as amended, and added paragraphs pleading covenants performed, limitation, etc.

The court sustained the demurrer to the complaint; plain-

tiff rested; final judgment was rendered discharging defendants, and plaintiff appealed.

Before final settlement of the accounts of Malone as guardian, and an order of the probate court for him, or his administrator, to pay over to appellant as his successor in the guardianship, some balance found due his wards on such settlement, appellant had no legal cause of action on the bond of Malone. *Sebastian v. Bryan, 21 Ark., 447; Norton et al. v. Miller et al., 25 ib., 115.*

Appellant complains that on sustaining the demurrer to the complaint, the court rendered judgment for appellees without disposing of their pleas.

A trial of the pleas was unnecessary, when the complaint was held bad in substance on demurrer.

A defendant may object that judgment is rendered against him without disposing of his pleas. *Williams et al. v. Perkins, 21 Ark., 18.*

It was proper for the court to dispose of the demurrer to the complaint before trying the case on the pleas added in the answer, and the complaint being bad, the defense was complete, and it was needless to dispose of the pleas.

Affirmed.

*[margin: 1. GUAR-DIAN: Can not be sued on bond until final settlement, etc.]*

*[margin: 2 PLEADING AND PRACTICE: Judgment on demurrer to complaint]*