SMITH v. SMITHSON.

1. GUARDIAN: *Action against surety on his bond.*
   In an action against a surety on a deceased guardian's bond for a defalcation of the guardian, the f ilure to present the claim for allowance against the estate of the deceased guardian within two years after the grant of administration, is no defense for the surety.

2. SAME: *Same. Settlement of guardian's accounts in probate court.*
   The settlement by the probate court of a deceased guardian's accounts, is sufficient to support an action against his surety for the amount found due, though there be no order of the court for payment of it to the party entitled to it.

3. SAME: *Same. Parties.*
   When a ward has become of age, he, and not his guardian, should be plaintiff in an action against the sureties of a former guardian for his defalcation.

APPEAL from *Washington* Circuit Court.
Hon. J. M. PITTMAN, Judge.

*J. D. Walker,* for appellant.

In the death of Jones, the subsequent guardian should have presented her claim against the estate of Jones, for allowance, and payment of the estate. *33 Ark., 658; Mansfield's Dig., secs. 101–5; 5 Ark., 468.* Until this was done no one was bound to pay the same, and especially not appellant, as his liability was secondary, and only bound to pay on default of his principal, when the amount should be ascertained by the probate court. *39 Ark., 145.*

The complaint is bad because there is no assignment of a breach of the condition of the bond. The death of Jones was not a breach.

There was no order of the probate court to pay over any amount whatever.

Smith v. Smithson.

*W. F. Pace,* for appellee.

COCKRILL, C. J.   The only questions pressed for determination by the appellant against whom judgment was rendered as surety in a guardian's bond, and whose principal died several years before this action was brought, are as follows:

1. The complaint shows that the claim was not presented for allowance against the estate of the principal obligor within two years of the grant of the administration, and it is argued that the demurrer to the complaint should have been sustained for that reason.

The facts alleged would have been sufficient to bar a recovery against the deceased guardian's administrator in an action to charge his estate (*Connerly v. Weatherby, 33 Ark., 658; Padgett v. State, for use of Coleman, 45 ib., 495*); but the neglect to probate the claim against the estate of the principal obligor does not discharge the surety. *Ashby v. Johnson, 23 Ark., 163; Padgett v. State, sup.*

2. The second position is that no breach of the bond is shown, because the order of the probate court settling the guardianship accounts does not direct the payment of the amount found due in the settlement to any one.

It has been repeatedly announced by this court that no action can be maintained on a guardian's bond until the probate court has ascertained the amount of the guardian's indebtedness and directed its payment to the party entitled to receive it, and this is unquestionably the general rule. *Padgett v. State, sup.,* and cases cited. But an examination of the cases will show that the rule in its broadest statement has been announced where the amount found due was on a partial settlement in a continuing or subsisting guardianship, as in *Sebastian v. Bryan, 21 Ark., 447;* or in case the guardian was dead, and there had

been no final settlement either before or after his death, as in *Vance v. Beattie, 35 ib., 93;* or in cases where the order to pay to the person entitled to receive the money has been in fact made and the question was, not whether the order was sufficient but when did the cause of action accrue and the statute of limitations begin to run?

When the trust is closed (as it was by the death of the guardian in this case) and a new guardian is appointed whose duty it is to collect whatever may be due his ward, the material matter under the prior guardianship is to settle the amount actually due to the ward. There can be no controversy about who is legally entitled to receive it; and the sureties' obligation to pay the deficit in the guardian's account is fixed within the spirit of the rule without a formal judgment of the probate court against him or his principal's administrator. *State v. Croft, 24 Ark., 550; Connerly v. Weatherby, sup.*

Now, it is not disputed in this case that the probate court took steps to adjust the deceased guardian's accounts and to determine the amount of his indebtedness to his ward, and it has not been contended that a valid order fixing the amount of the deficit at the sum claimed in the complaint, was not entered. This order then, was a final settlement of the guardian's accounts after the close of the trust, and his successor in the guardianship was before the court pressing the settlement when it was made. These matters are shown by the probate court record; they can legally indicate but one thing, and that is that the intention of the court was to fix the liability of the principal obligor and thus lay the foundation for an action against the surety, and we think it was sufficient for the purpose.

When the action was brought, Smithson, the former ward, was of age, and was allowed to sue in his own name. This 2. Parties to the action.

was the correct practice.    *Hunnicut v. Kirkpatrick, 39 Ark.,
172; Turner v. Alexander, 49 ib., 254.*

Let the judgment be affirmed.