## STATE *v.* BUCK.

### Opinion delivered November 14, 1896.

GUARDIAN'S BOND—LIABILITY OF SURETIES.—The sureties on a guardian's bond, conditioned that the guardian shall, upon the determination of the guardianship, deliver and pay over to the ward all money due her, are liable for a conversion of money by the guardian committed prior as well as subsequent to the execution of the bond.

SAME—WHEN CAUSE OF ACTION ACCRUES.—Where a guardian's bond is conditioned that the guardian shall, upon determination of the guardianship, deliver and pay over to the ward all money due her, the latter has no claim which can be exhibited against the estate of a deceased surety until such guardianship has ended, and if, before that time, the administration on the deceased surety's estate is closed, an action against the heirs to whom property has descended will not be barred by the statute of non-claim.

SAME—LACHES.—A cause of action in favor of a ward against the sureties upon a guardian's bond, conditioned that the guardian shall, upon determination of the guardianship, deliver and pay over to the ward all money due her, does not accrue until the final settlement of the guardian's account, and will not be barred by laches or the statute of limitations by reason of delay in compelling a settlement, unless prejudice has resulted.

Appeal from Jefferson Chancery Court.

JAMES F. ROBINSON, Chancellor.

#### STATEMENT BY THE COURT.

This suit was brought by appellant, Clara T. Davis,. on the 8th day of September, 1892, upon the bond of her former guardian.

Appellant was born on the 9th of October, 1867. Her mother, from whom she inherited property, died on the 28th day of July, 1869, and her father was, on the 7th day of September, 1869, appointed her guardian by the probate court of Jefferson county. He thereupon gave bond as such guardian,

with J. B. Dodds and James H. Hawley as sureties. Afterwards, in the year 1875, he gave another bond as guardian of appellant in the sum of $6,000, and James M. Holcombe, J. L. Buck, and T. S. James became his sureties upon said bond. It was conditioned as follows: "The condition of this obligation is such that, whereas, the said G. W. Davis was, on the 7th day of September, 1869, appointed by the court of probate of the county of Jefferson guardian of Clara T. Davis, a minor under the age of twenty-one years: Now, if the said G. W. Davis, his heirs, executors, or administrators, upon the determination or ceasing of such guardianship, shall deliver and pay the said Clara T. Davis, her executors, or administrators, or any guardian that may be appointed to the said Clara T. Davis, after the determination or ceasing of the guardianship of the said G. W. Davis, all money, property, and effects belonging to her in the possession or under the control of the said G. W. Davis, and that shall be due her from the said G. W. Davis, and if the said G. W. Davis shall in all things faithfully perform and fulfill his duty as guardian as aforesaid, then this obligation shall be void and of none effect; otherwise, to remain in full force and virtue."

This bond was filed and approved on the 22d day of April, 1875. T. S. James, one of the sureties, died in August, 1877. Letters of administration were granted on his estate August 26, 1877. The administration was closed by final settlement July 16, 1885, and the property of the estate, of the value of forty or fifty thousand dollars, was turned over to his children and heirs.

The appellant became of age in October, 1885. In May, 1890, she procured a citation to compel her guardian to make settlement of his accounts. The probate court ascertained the balance due from him, and ordered him to pay the same to the appellant. Davis appealed

from this judgment, and upon the hearing on appeal the circuit court found that, after allowing all just credits, he had in his hands the sum of $5,924.91 belonging to his ward, Clara T. Davis, and ordered him to pay over that sum to her. Failing to do so, this suit was brought on his bond against J. L. Buck, T. S. James, Jr., Garland D. James, and Eugenia James Wilson, the three last named parties being the heirs of T. S. James, Sr., a surety on the bond of Davis. On the hearing below, there was a finding in favor of defendants, and a decree was entered dismissing the complaint for want of equity. The other facts are stated in the opinion.

*Rose, Hemingway & Rose,* and *Austin & Taylor* for appellant.

1. The fact that the guardian has wasted the estate of his ward before the execution of the bond is no defense to this suit. 51 Ark. 231; 21 *id.* 447; 59 *id.* 32; 1 Wormer, Adm. sec 255.

2. The fact that the claim was not presented to the administrator of Thos. S. James within two years after the grant of letters does not bar this suit. The statute of non-claim does not apply to rights "inchoate and contingent." 14 Ark. 253; 23 *id.* 163; 36 *id.* 146. There is no liability until default, and there is no default until the amount due is ascertained by a settlement of the probate court. 35 Ark. 93; 47 *id.* 223; 21 *id.* 447; 45 *id.* 49. See also, 19 Ill. App. 310; 6 Ark. 241; 2 Gray, 113; 24 Me. 358; 29 Eng. Com. Law, 168; 38 *id.* 569; 45 id. 384; 81 *id* 399; 85 *id.* 384; 94 *id.* 397; 52 *id.* 367; 86 *id.* 177; 7 Ind. 491; 18 Vt. 241; 5 Hurlst. & N. 586; 3 Williams, 392; 32 Me. 94; 11 Humph. 77; 8 *id.* 197; 1 Carter, 397; 17 Metc. 132; 56 Ark. 474; 31 *id.* 229; 32 *id.* 716.

3. The doctrine of laches has no application. Mere delay in enforcing payment from the principal

affords no defense for a surety.   36 Ark. 145; 50 *id.* 217; 43 *id.* 261.

*J. M. Moore, Crawford & Hudson*, and *Bridges & Woolridge* for appellees.

1.   The waste was committed prior to the execution of the bond, and the sureties are not liable.   21 Ark. 447; 22 *id.* 331; 36 Mo. 258; Sand. & H. Dig., secs. 40, 3592.

2.   The claim is barred by the statute of non-claim. 14 Ark. 253.   The liability began when the breach occurred, even though it be true that the right of action arising from the breach was postponed.   The fact that the demand may not have matured will not save it.   35 Ark. 93; 47 *id.* 225; 46 *id.* 261; 49 *id.* 433; 48 *id.* 262; 5 *id.* 470; 34 *id.* 151; 24 *id.* 20; 74 Mo. 95; 12 Allen, 140; 6 S. W. Rep. 68; 24 Md. 320; 4 S. W. 311; 22 N. E. 330; 16 Ark. 32; 56 *id.* 474; 31 *id.* 229; 36 *id.* 147; 45 *id.* 495; 51 *id.* 234; 53 *id.* 293; 21 *id.* 263; 58 Ala. 25; 82 *id.* 281; 52 *id.* 139.

3.   It is barred by lapse of time and laches.   37 Ark. 155; 56 *id.* 633; 12 Metc. 411; 41 N. W. 1044; 47 *id.* 543; 6 Johns. Ch. 388; 12 Metc. 409, 410, 412, etc.; 49 N. H. 295; 15 Mass. 58; 8 Greenf. 220; 16 Maine, 312; 49 Miss. 500; 55 Cal. 57; 44 Ark. 479; 36 Kas. 633; 33 Iowa, 154; 32 Penn. St. 22; 20 Mass. 1; 148 U. S. 360.

*Austin & Taylor*, and *Rose, Hemingway & Rose* for appellant in reply.

Until there was an order of the probate court to pay over, there was no claim against the guardian or sureties.   Claims of this kind have always been held to be contingent, within the meaning of the statute of non-claim, until final settlement and order to pay over.   16 So. 344; 63 N. W. 1070; 144 Mass. 195; 2 N. H. 395; 133 Mass. 533; 51 N. W. 1110; 1 Gray, 317; 27 N. E. 22; 40 N. E. 466; 19 Fed. Cases, 23; 28 N. E. 264; 13

Gray, 561; 73 Wis. 533; 41 N. W. 713; 65 Miss. 9; 6 Bush, 653; 25 Minn. 466; 8 Mo. 176; 10 Ala. 26; 46 N. H. 344; 3 S. & M. 489; 60 Miss. 987; 34 Cal. 258; 19 Ill. App. 310; 6 Conn. 259; 27 *id.* 251; 23 Mo. 174. As the cause of action did not come into existence until after the administration of the estate of James was closed, recourse could properly be had upon the lands that had passed into the custody of the heirs. 40 Ark. 434; 15 *id.* 412; 31 *id.* 229; 48 *id.* 277; 56 *id.* 470. Laches are not imputed to infants. 55 Ark. 86; 39 *id.* 159. As to what constitutes laches, see 160 U. S. 186; 40 Ark. 31; 2 Pom. Eq. sec 961; 145 U. S. 398; L. R. 9 Eq. 50; *id.* 8 Ch. Div. 808, 817; 37 N. J. Eq. 130.

Liability on guardian's bond.

RIDDICK, J., (after stating the facts.) This is a suit against John L. Buck, a surety on a guardian's bond, and the heirs of Thomas S. James, another surety on said bond, to collect the balance found on settlement to be due from the guardian to his ward. The surety James having died, leaving valuable real estate, which descended to his heirs, the appellant, Clara T. Davis, seeks by this suit in equity to charge such property with the payment of the money found due from her guardian. Her suit is resisted by the heirs of James on several grounds. It is first alleged that the guardian converted and wasted the assets of his ward prior to the execution of the bond sued on in this action. But we are of opinion that this contention cannot avail, for the bond, by its terms, relates back and covers such breaches, whether committed prior or subsequent to the execution thereof. This bond was executed in 1875. It recites that Davis, the principal, was on the 7th day of September, 1869, appointed guardian of Clara T. Davis, a minor, and the condition of the bond is that said Davis, upon the determination of guardianship, shall deliver and pay to the said Clara T. Davis "all money, property, and effects belonging to her in the possession or under the control of the said Davis,

and that shall be due her from the said Davis.'' It will be noticed that the bond undertakes that the guardian shall pay his ward all sums due her upon the determination of his guardianship. We therefore consider it immaterial whether the conversion of the money by the guardian took place prior or subsequent to the execution of the bond. *Dugger* v. *Wright*, 51 Ark. 232.

The next contention is that the action is barred by the statute of non-claim, for the reason that the claim of plaintiff was never exhibited to the administrator of the estate of Thos. S. James. It is conceded that the statute of non-claim has no application to claims that are inchoate and contingent, but it is denied that this is such a claim, and we are asked to decide the question thus raised. James died in 1877, and the administration upon his estate, begun soon after his death, was closed on July 16, 1885, by final settlement and discharge of of the administrator. During the whole period of the administration the guardianship of Davis existed and continued until his ward became of age, which was on October 9, 1885, some months after the administration upon the estate of James had been closed. The appellant, through her attorney, procured a citation against Davis on the 15th of May, 1890, to compel him to make final settlement of his guardianship account in the probate court, but this settlement was not made until 1892. Until this settlement was made and the balance due from the guardian ascertained by the court, the appellant had no cause of action that she could enforce, either at law or in equity, against the sureties on her guardian's bond. *Vance* v. *Beattie*, 35 Ark. 93. It seems to us that, before this settlement, she had no claim that could properly be exhibited to the administrator of the estate of James, but we need not decide that question, for certainly she had no such claim before she became of age

*When cause of action accrues.*

and the guardianship of Davis had terminated. Prior to that time she had no right to demand of her guardian the payment of money belonging to her which had come into his hands, much less had she the right to demand this of the sureties upon his bond.

It is true she could have required her guardian to make the annual settlements required of him by the statute, but the right to demand a showing of his accounts by the guardian is not a claim that can be exhibited against the estate of his surety. The contract of the surety was that the guardian upon the determination of his guardianship should pay the sums of money then due his ward, and until that time arrived there was no claim that could be exhibited against the estate of the surety. *Berton* v. *Anderson*, 56 Ark. 474; *Perry* v. *Field*, 40 *ib.* 175; *Sebastian* v. *Bryan*, 21 *ib.* 447; *Walker* v. *Byers*, 14 *ib.* 252. Prior to the termination of the guardianship, the plaintiff's claim was uncertain and contingent. As was said by another court in a similar case, it "depended upon a future, uncertain event, for it might happen that, by reason of losses in investments for which the guardian was not responsible, or by advances to, or expenses incurred for, his ward, a final accounting would show that there was nothing due from the guardian." *Hantzch* v. *Massolt*, 63 N. W. R. (Minn.) 1070. As the administration upon the estate of James closed before the guardianship of Davis terminated, there was no one to whom she could exhibit her claim after it accrued, and therefore her suit is not barred by her failure so to do.

When claim not barred. It is further said that appellant is barred by laches and the statute of limitations. But, as before stated, her cause of action did not accrue until the final settlement of her guardian's account. As it is not shown that the appellees were in any way injured by the delay in bringing the guardian to a settlement, and as this

suit was commenced soon after such settlement was made, the contention that the suit was barred by the statute of limitations and laches cannot be sustained. *Vance* v. *Beattie*, 35 Ark. 93; *Hawkins* v. *Mims*, 36 *ib.* 145; *George* v. *Elms*, 46 *ib.* 260; *State* v. *Roth*, 47 *ib.* 222.

There may be some hardship in compelling the heirs of James to pay back to appellant the money squandered by her father, but the bond executed by James was a valid contract; and although he received no benefit therefrom, it is binding upon the estate that descended from him to his heirs. *State* v. *Roth*, 47 Ark. 222; *Hall* v. *Brewer*, 40 *ib.* 433.

The judgment of the chancery court is reversed, and the case is remanded, with an order that a decree be entered in favor of apellant in accordance with this opinion.