VINSON *v.* WOOTEN.

Opinion delivered March 10, 1924.

1. TRIAL—REQUESTS FOR PEREMPTORY INSTRUCTION.—Where both parties request a peremptory instruction, without asking for further instructions, they thereby assume the facts to be undisputed, and in effect submit to the trial court the determination of the inferences proper to be drawn from them.

2. APPEAL AND ERROR—CONCLUSIVENESS OF COURT'S FINDING.—Where a cause was submitted to the court without a jury, the court's finding of facts is as conclusive as the verdict of a jury would have been.

3. EVIDENCE—PAROL EVIDENCE TO CONTRADICT WRITING.—A recital in a note that it is payable in money cannot be contradicted by parol evidence.

4. BILLS AND NOTES—AGREEMENT AS TO DISCHARGE.—The holder of a promissory note may agree with the maker for discharge of the obligation in a manner different from that set out in the note, and the execution of such agreement is a good defense to an action on the note while it is in the hands of the parties or their assignees with notice.

5. BILLS AND NOTES—PAYMENT OF PAYEE'S INDEBTEDNESS TO THIRD PERSON.—Payment of the payee's indebtedness to a third person by the maker of a note, pursuant to an agreement between the maker and the payee, that such payment should constitute payment of the note, *held* to extinguish the debt represented by the note.

6. EVIDENCE—PAROL EVIDENCE TO EXPLAIN WRITING.—Testimony of the maker of a note that it was given in renewal of a previous note *held* competent.

7. EVIDENCE—PROOF OF CONSIDERATION OF NOTE.—It is always competent to show the consideration or lack of consideration of a note.

8. BILLS AND NOTES—RENEWAL NOTE—CONSIDERATION.—If a payee of a note did not authorize another to act as her agent in procuring a renewal note, or ratify his act in so doing, she cannot recover thereon, as in such case there would be no consideration for the note.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; affirmed.

STATEMENT OF FACTS.

Mrs. Baldy Vinson sued June P. Wooten to recover upon a promissory note for $700. The defendant pleaded payment.

The plaintiff introduced the note in evidence. It was dated Little Rock, Arkansas, September 11, 1917, and was due sixty days after date. The note was for $700, payable to the order of Mrs. Baldy Vinson, and was signed by June P. Wooten.

June P. Wooten, the defendant, was the principal witness for himself. According to his testimony, Baldy Vinson and himself became law partners in 1904, and the partnership continued until some time in 1906. Wooten gave Vinson a note for the balance due him in the settlement of their partnership accounts. The note was renewed from time to time, and the accumulated interest was added to the principal, until a new note was executed for $717.34 on April 10, 1914. During this time Baldy Vinson borrowed some money from the Southern Trust Company, and June P. Wooten became his surety on the notes which he executed to that company. It was agreed between Baldy Vinson and Wooten that the latter should pay off the indebtedness of the former to the Southern Trust Company, and that this should be considered a payment of the note owed by Wooten to Vinson, and that in the final settlement each would pay to the other what was due. That is, if the amounts that Wooten paid to the Southern Trust Company for Vinson were less than the amount due by Wooten to Vinson, that Wooten should pay to Vinson the balance. If the amounts paid by Wooten to the Southern Trust Company for Vinson should equal the amount due by Wooten to Vinson, then the note due by Wooten to Vinson would be considered paid. Vinson died in April, 1917, and at that time Wooten had paid a part of the indebtedness of Vinson to the Southern Trust Company. Baldy Vinson left surviving

him a widow and three minor children. J. R. Vinson, a brother of Baldy Vinson, was president of the Southern Trust Company. He took the matter up with ¡Wooten, and Wooten explained to him the agreement that they had in regard to the set-off of the amount due by Vinson to the Southern Trust Company against the amount due by Wooten to Vinson. J. R. Vinson, acting for the estate of his brother, agreed with Wooten to take a new note for the amount of the indebtedness of Wooten to the estate of Baldy Vinson, deceased, and make it payable to the order of Mrs. Baldy Vinson. The understanding was that this note should be considered paid when Wooten had paid an equal amount to the Southern Trust Company on the notes which he had signed as surety for Baldy Vinson. No attempt was made to collect the note sued on herein from June P. Wooten until some time in September, 1920, several months after the death of J. R. Vinson. ·In the meantime Wooten had paid various amounts on the notes on which he became surety for Baldy Vinson, and in September, 1920, he finished paying off these notes to the Southern Trust Company. The sums that he paid to the Southern Trust Company as surety for Baldy Vinson were $42.20 more than the amount of the note which he had executed to Mrs. Baldy Vinson in renewal of the notes he had given to Baldy Vinson in his lifetime.

The plaintiff and the defendant both asked the court for a peremptory instruction, and no other instruction was requested by either of them.

The circuit court told the jury that the amounts paid by Wooten to the Southern Trust Company for Baldy Vinson equaled the amount of the note sued on, and that, under the agreement between Baldy Vinson and June P. Wooten, it should be accepted in payment of the note sued on. Hence the court instructed the jury to return a verdict in favor of the defendant.

From the judgment rendered in favor of the defendant the plaintiff has duly prosecuted an appeal to this court.

*Carmichael & Hendricks,* for appellant.

Appellee could not, by parol testimony, vary the terms of the note, nor show that it was without consideration.  131 Ark. 501; 131 Ark. 557, 558.

*John A. Vick* and *Edward B. Downie,* for appellee.

1.  When both parties ask for an instructed verdict, the effect is that the facts are undisputed and the case submitted to the court sitting as a jury, and its finding is conclusive.  The appellate court will assume that the lower court applied the correct principles of law applicable to the facts which the testimony tended to prove. 44 Ark. 345; 155 Ark. 506; 158 Ark. 62; *Id.* 133; 250 U. S. 295, 39 Sup. Ct. 438.  The note sued on related back to the old note from appellee to Baldy Vinson.  No new consideration passed from appellant to appellee.  It was the property of the estate, and it was her duty to turn the note over to the administrator of the estate, when one was appointed, who alone had the right to enforce its collection.  83 Ark. 416; 31 Ark. 723; 15 Ark. 437; 16 Ark. 671; 18 Ark. 24; *Id.* 448; 21 Ark. 179; 22 Ark. 535; 27 Ark. 445; 31 Ark. 616.  There was no consideration as between appellant and appellee.  13 C. J. 312, 313, 317, 318; 26 Ark. 160; 55 Ark. 369.

2.  There was no attempt to vary the terms of the written contract.  The execution of the note was admitted; but appellee *showed payment of the note.*  As to the consideration, "no rule of evidence is violated by admitting oral proof of the consideration for a promissory note for the purpose of showing want or failure of consideration, or illegality of consideration."  105 Ark. 281; 27 Ark. 510.

HART, J., (after stating the facts).  The established rule in this State is that, where both parties request a peremptory instruction and do nothing more, they thereby assume the facts to be undisputed and, in effect, submit to the trial court the determination of the inference proper to be drawn from them.

The circuit court's decision, as evidenced by its instruction to the jury, that it render a verdict for the

defendant, was a finding of fact, which concluded both parties as effectually as if the same fact had been found by the jury. *St. L. S. W. Ry. Co.* v. *Mulkey,* 100 Ark. 71; *St. L. I. M. & S. R. Co.* v. *Ingram,* 118 Ark. 377; *Watkins* v. *Louisiana State Life Ins. Co.,* 151 Ark. 596; and *National Benevolent Society* v. *Barker,* 155 Ark. 506. Therefore the finding of fact by the trial court must stand if the record discloses substantial evidence to support it.

It is true that the note, by its terms, is payable in money, and this recital cannot be contradicted by parol evidence. It is equally well settled, however, that the holder of a promissory note may agree with the maker for a means or method of discharging the obligation in a manner different from that set out in the note, and, when such agreement, made between the parties, is shown to have been fully executed, it presents a good defense to an action on the note while it is in the hands of the parties, or their assignees with notice. *Certain* v. *Smith* (Ind.), 101 N. E. 319; *Nalle* v. *Gates,* 20 Tex. 315; *Noble* v. *Edes,* 51 Me. 34; and *Cary* v. *Bancroft* (Mass.), 14 Pick. 315, 25 Am. Dec. 393.

In the last mentioned case the court said that an agreement between the maker and the payee of a note, that it shall be set-off against a note due the maker from the payee, so far as the smaller will pay the larger, is executory, and does not, *pro tanto,* extinguish either note. The reason is that it is like an agreement not to sue, executory and collateral, not affecting the terms of the note until executed. Such agreement, however, does operate as a payment, under these authorities, when it has been executed.

It results from the principles of law decided in these cases that the agreement testified to by Wooten was in all respects a perfectly legitimate transaction, and, when carried into execution, the payments by Wooten to the Southern Trust Company for Vinson extinguished the debt he owed to Wooten.

It will be remembered that Wooten testified that he paid to the Southern Trust Company for Vinson $42.20 more than the total amount, principal and interest, due by him on the note he had given to Baldy Vinson in settlement of their partnership affairs. Wooten also testified that he did not owe Vinson any other amount of money, and did not owe Mrs. Baldy Vinson anything, except that he executed the note sued on to her, at the request of J. R. Vinson, as a substitution or a renewal of a note for a similar amount which he had given to Baldy Vinson for the amount due him in settlement of their partnership affairs.

The testimony of Wooten in this respect was competent. It did not in any wise tend to vary or contradict the terms of the note itself. His testimony only explained the transaction, and showed the circumstances under which the note was given. It is always competent to show the consideration or lack of consideration of a note by oral testimony.

But it is insisted that there is no competent testimony tending to show that J. R. Vinson acted for Mrs. Baldy Vinson in taking the note payable to her in lieu of the note which he had executed to Baldy Vinson. The fact of his agency in the matter is fairly inferable. Wooten testified fully as to the circumstances which caused him to execute the note. J. R. Vinson was a brother of Baldy Vinson, and also the president of the Southern Trust Company. The fact that Mrs. Vinson received the note from him, and demanded payment from Wooten, shows at least that she ratified his agency in the premises. If she did not ratify the act of J. R. Vinson in taking this note in renewal or substitution of the note given by Wooten to Baldy Vinson, then the note sued on is without consideration, and that fact alone would be sufficient to defeat a recovery herein by the plaintiff.

The result of our views is that the judgment of the circuit court was correct, and should be affirmed.