MISSOURI PACIFIC RAILROAD COMPANY *v.* SWAFFORD.

4-2729

Opinion delivered November 14, 1932.

632

*Thos. B. Pryor* and *Harvey G. Combs,* for appellant.

*V. D. Willis,* for appellee.

MEHAFFY, J.   In 1903 the railroad company, at that time the St. Louis, Iron Mountain & Southern Railway Company obtained a right-of-way deed from John Swafford and his wife, Roxie Swafford, to a right-of-way over certain lands in Boone County, Arkansas.   It afterwards built its railroad across the Swafford land, but the evidence does not show at what date.   In building its railroad it made a cut of about 100 feet deep and, appellees allege, 300 feet wide.   The evidence does not show the width of the cut, but it does show that it is 125 feet deep in some places, and it would necessarily be very wide.

The cut divided the land belonging to Swafford so that 50 or 60 acres was on one side of the road, and the balance on the other.   This was the home of the Swaffords, and it was necessary to get to portions of the farm, to cross the railroad tracks where this cut was made.

The railroad company, at the time it made the cut and built its road, built a viaduct on a public road which crossed the railroad tracks immediately in front of the Swafford home.   This viaduct was maintained and used by the St. Louis, Iron Mountain & Southern Railway Company, and its successor, the appellant, until 1930. In 1930 the State Highway Department made some changes in State Highway No. 43, and built a concrete viaduct across the railroad tracks a considerable distance from

the place where the old wooden viaduct crossed the track. When the concrete viaduct was built, the appellant destroyed the wooden viaduct, thereby making it practically impossible for the Swaffords to get from their home to the land which was on the other side of the railroad track, without travelling two or three miles.

This suit was brought by appellees to recover for damages to their land caused by the destruction of the wooden viaduct.

The appellant answered denying all the material allegations of the complaint, alleging that the county court of Boone County had ordered a destruction of the viaduct, and that it acted in obedience to that order, and that it had entered into a contract with the Highway Department, which contract was introduced in evidence.

The appellees introduced evidence as to the destruction of the viaduct and the damage caused to their farm. They claim the farm was damaged in the sum of $2,000. There was a verdict and judgment for $1,000, and the case is here on appeal.

At the time the viaduct was built, the road leading across the track to appellees' house was a public road. The evidence shows that it is a county road. It has never been, and is not now, according to the evidence, a part of the State highway system. The Highway Department has never had any jurisdiction or control over it.

Section 6681 of Kirby's Digest, which is now section 8483 of Crawford & Moses' Digest, provides that whenever any railroad company has constructed or shall hereafter construct a railroad across any public road or highway of this State, now established or hereafter to be established, such railroad company or corporation shall be required to so construct the railroad crossing that the approaches of the railroad bed shall be kept at no greater than a certain elevation, and further provides that at any crossing of any public highway such railroad may be crossed by a good and safe bridge, to be built and maintained in good repair by the railroad company or corporation owning or operating such railroad. It was

therefore the duty of the railroad company, when it built its road and made the cut, to build a good and safe bridge, and maintain it in good repair. It did this and maintained the bridge until 1930, when it destroyed it.

The law provides for the bridge over the tracks at crossings like this, and no order of the county court or contract with the Highway Department would affect appellees' right to recover if they had been damaged by the destruction of the bridge by appellant.

Section 22 of article 2 of the Constitution of Arkansas reads as follows: "The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated, or damaged for public use, without just compensation therefor."

Our Constitution provides that the owner of property may recover, although his property has not been taken nor appropriated, if it has been damaged.

It was the duty of the appellant under the law to maintain the bridge, and the destruction of it, according to the evidence, necessarily damaged the appellees.

Appellant filed motions for continuances because, while it relied on the order of the county court, it discovered that there had been an appeal taken to the circuit court, and the circuit court had held that the order of the county court for the destruction of the bridge was void. The appeal was taken without notice to appellant, and it did not discover the order of the circuit court, it alleged, in time to prepare for its trial.

The court did not err in refusing to grant a continuance, because neither the order of the county court nor circuit court could deprive the appellees of the right to damages if their property had been injured, and no order that any court would make would render ineffective the provision of the Constitution above quoted.

It is therefore unnecessary to set out the order of the county and circuit courts, and the evidence with reference thereto. No matter what the order might have been, if appellees' property was damaged by the appellant's destruction of the bridge, they had a right to recover.

Appellees contend that at the time they conveyed the right-of-way to the railroad company it was agreed that the bridge would be built and maintained, and that this was a part of the consideration for the right-of-way.

Mrs. Swafford testified that the bridge had been maintained for many years, she thought ever since 1908, and that the cut was 75 feet deep, and at some places 125 feet deep. It had been so maintained for many years when appellees spent considerable money improving their house, with the understanding and belief that said bridge would continue to be maintained.

On cross-examination appellant's attorney asked Mrs. Swafford: ''You allege in your complaint that when the railroad company purchased the right-of-way, they agreed to build the bridge, is that true?'' Answer: ''Yes.'' She also testified that she had always understood it that way. Swafford himself died before the trial, and, of course, they could not have his testimony.

The undisputed facts show that this was a county road, running right up to appellees' house; that the bridge was built when the cut was made; that it was constantly maintained for many years, and the jury had a right to believe Mrs. Swafford when she testified that the building and maintaining of the bridge was a part of the consideration for the right-of-way.

As a general rule, parol evidence is inadmissible for the purpose of contradicting or showing that the true consideration is other and different from that expressed in the written instrument. To this rule, however, there are exceptions. We recently quoted with approval, as stating the rule, the following: ''It seems, according to the American cases, that the only effect of a consideration clause in a deed is to estop the grantor from alleging that the deed was executed without consideration, and that for every other purpose, it is open to explanation, and may be varied by parol proof.'' *Whitlock* v. *Barham and Duncan*, 172 Ark. 198, 288 S. W. 4; *Texas Co.* v. *Snow*, 172 Ark. 128, 291 S. W. 826; *Rowland* v. *Ward*, 178 Ark. 851, 12 S. W. (2d) 785; *Jackson County Gin Co.* v. *Mc-*

*Quistion,* 177 Ark. 60, 5 S. W. ('2d) 729; *Vinson* v. *Wooten,* 163 Ark. 170, 259 S. W. 366; *Newell Contracting Co.* v. *Elkins,* 161 Ark. 625, 257 S. W. 54.

But, even if there were no evidence of a consideration other than that expressed in the deed, the fact that the law, at the time, required them to build the bridge; that it was built and maintained for many years, and that it is still the duty under the law to maintain a bridge on a public road, would make it liable for the destruction of the bridge if such destruction damaged the property of the appellees.

In the view we take of the matter, it is wholly immaterial whether the railroad company had notice of appeal to the circuit court, and it is also true that appellees' rights could not be affected by any order of the court or any order or contract with the Highway Department.

Finding no error, the judgment is affirmed.