WALDROP *v.* COOPER.

4-4361

Opinion delivered July 13, 1936.

C. A. Holland, for appellants.
R. V. Wheeler, for appellees.

McHANEY, J. On January 17, 1916, Mr. W. A. Carrier was appointed guardian of the estate of appellants who are the sole surviving children and heirs at law of the late C. E. Waldrop. Appellees are the sureties on the bond of said guardian, which was for the sum of $400. In August, 1917, the guardian filed an inventory of the estate of his wards showing that he had collected from the estate of their father $175.55 in cash which was the total amount of their inheritance. On the same day, he presented to the probate court his petition for an order to expend said sum for the support and education

of his wards, stating that they had no other monies or estate whatever, and the court made an order granting the prayer of the petition. No final report and settlement were ever made or filed with the probate court, but in 1923 or 1924, said guardian died. This action was instituted by appellants in May, 1935, in the chancery court, alleging the above facts, and that Mr. Carrier had never accounted to them for said funds, but had converted same to his own use, and praying judgment against appellees for said sum with interest. To this amended complaint a demurrer was interposed and sustained, and appellants elected to stand on their complaint which was dismissed as being without equity. The case is here on appeal.

We agree with the trial court that the complaint failed to state a cause of action cognizable in equity. The guardianship is still pending in the probate court, with no final settlement and no discharge of the guardian. No liability of the guardian has ever been established by an order of the probate court, and no order to pay over money found to be due on any final settlement has been alleged to be in default. Until this is done there is no liability against the bond. It was so held in *Vance, Guardian, v. Beattie,* 35 Ark. 93, where it was said: "Before final settlement of the accounts of Malone as guardian, and an order of the probate court for him, or his administrator, to pay over to appellant as his successor in the guardianship, some balance found due his wards on such settlement, appellant had no legal cause of action on the bond of Malone." Citing *Sebastian v. Bryan,* 21 Ark. 447; *Norton v. Miller,* 25 Ark. 108. See also *Smith v. Smithson,* 48 Ark. 261, 3 S. W. 49. As said in *State v. Buck,* 63 Ark. 218, 37 S. W. 881. "Until this settlement was made, and the balance due from the guardian ascertained by the court, the appellant had no cause of action that she could enforce, either at law or in equity against the sureties on her guardian's bond." See, also, *Wallace v. Swepston,* 74 Ark. 520, 86 S. W. 398, 109 Am. St. Rep. 94.

The order of the probate court was that the guardian spend the $175.55 in his hands on his said wards and

report his actions at the next term of court. No such report was filed, and appellants allege that he converted said sum to his own use, and failed to use it for the purpose directed in the order. Jurisdiction lies in the probate court to require guardians to account for the funds of their wards, and appellants' remedy, if any, at this time, is to proceed in said court. Certainly the chancery court had no jurisdiction to lift the guardianship matter out of the probate court and render judgment on the bond in the absence of a settlement and order to pay in the probate court. *Moren* v. *McCown*, 23 Ark. 93; *Watson* v. *Henderson*, 98 Ark. 63, 135 S. W. 461.

The decree, dismissing the complaint, is correct, and must be affirmed.