SAMPLE *v.* SAMPLE.

5-2998                                        372 S. W. 2d 609

Opinion delivered November 11, 1963.

[Amended on Denial of Rehearing Dec. 23, 1963.]

*J. R. Wilson* and *R. H. Peace,* for appellant.

*Mahony & Yocum* and *Crumpler & O'Connor,* for appellee.

ED. F. MCFADDIN, Associate Justice. On March 15, 1962 the plaintiffs filed suit[1] in the Union Chancery Court against the defendants, who number more than a score of persons. The plaintiffs (appellants here) are Mrs. Betty Joe Sample Anderson, Mrs. Josephine Sample, and Mrs. Pattie Jane Purifoy Peek. Some of the defendants filed motions to quash service, and others of the defendants filed demurrers. The Trial Court sustained all of the motions and demurrers and dismissed the plaintiffs' complaint when they refused to plead further. From such final decree dismissing the complaint there is this appeal. The demurrer issue is determinative, because if no cause of action was stated, then the complaint was properly dismissed, even if service had been valid (a matter we need not consider in view of the conclusions that we reach.)

The complaint alleged that J. F. Sample died intestate in Union County, Arkansas, on September 1, 1904, survived by a widow and ten children as his heirs at law; that one of the heirs at law was a son, Claude Sample, who inherited an undivided one tenth interest in the estate of J. F. Sample; that Claude Sample died intestate on September 24, 1923, survived by the plaintiff, Mrs. Josephine Sample, as his widow, and by the plaintiff, Mrs. Betty Joe Sample Anderson, as an heir at law; that

[1] Later an amended and substituted complaint was filed and an amendment thereto. We consider all of the plaintiffs' pleading under the generic word, "complaint." The amended and substituted complaint consists of 136 pages in the transcript.

another child and heir at law of J. F. Sample was Mrs. Grace Sample Purifoy, who also inherited one tenth of the estate of J. F. Sample; that Mrs. Purifoy also died intestate; that the plaintiff, Mrs. Pattie Jane Purifoy Peek is a daughter and one of the heirs at law of her mother, Mrs. Grace Sample Purifoy and, as such, is entitled to a portion of the J. F. Sample estate. The plaintiffs sought to recover their claimed interests in the J. F. Sample estate and to hold certain defendants liable. Since there are three plaintiffs, we consider separately the allegations of each as contained in all of the pleadings of the plaintiffs.

I. *The Allegations Of Mrs. Betty Joe Sample Anderson.* This plaintiff claimed that upon the death of J. F. Sample in 1904, his widow, Mrs. Fannie E. Sample became administratrix of his estate; that Claude Sample (being one of the ten heirs of J. F. Sample and being the father of the plaintiff) died intestate in 1923; that a guardian was duly appointed for this plaintiff; that on one of the bonds executed by the said guardian, Clark Sample and C. H. Murphy were sureties; that this plaintiff is entitled to an accounting in this chancery action and is entitled to a judgment against Claude Sample and the heirs of C. H. Murphy, the said sureties on the said guardianship bond. In the complaint there is this positive allegation: "One of the plaintiffs, Betty Joe Sample, now Anderson, would show the court that there has been no final settlement filed in the matter of guardianship of Betty Joe Sample, minor."

Because of the above quoted allegation the complaint fails to state a cause of action in equity against the sureties on the guardianship bond. In *Waldrop* v. *Cooper,* 192 Ark. 1017, 96 S. W. 2d 19, we held that until the guardian's liability has been established *by an order of the probate court,* an action could not be maintained against the sureties on the bond. Here is the language:

"We agree with the trial court that the complaint failed to state a cause of action cognizable in equity.

The guardianship is still pending in the probate court, with no final settlement and no discharge of the guardian. No liability of the guardian has ever been established by an order of the probate court, and no order to pay over money found to be due on any final settlement has been alleged to be in default. Until this is done there is no liability against the bond. It was so held in *Vance, Guardian* v. *Beattie,* 35 Ark. 93, where it was said: 'Before final settlement of the accounts of Malone as guardian, and an order of the probate court for him, or his administrator, to pay over to appellant as his successor in the guardianship, some balance found due his wards on such settlement, appellant has no legal cause of action on the bond of Malone.' Citing *Sebastian* v. *Bryan,* 21 Ark. 447; *Norton* v. *Miller,* 25 Ark. 108. See also *Smith* v. *Smithson,* 48 Ark. 261, 3 S. W. 49. As said in *State* v. *Buck,* 63 Ark. 218, 37 S. W. 881: 'Until this settlement was made, and the balance due from the guardian ascertained by the court, the appellant had no cause of action that she could enforce, either at law or in equity against the sureties on her guardian's bond.' See, also, *Wallace* v. *Swepston,* 74 Ark. 520, 86 S. W. 398, 109 Am. St. Rep. 94.''

Mrs. Betty Joe Sample Anderson also alleged that in 1961 she executed a deed to certain property which is now owned by the First Baptist Church of El Dorado; and that the Church took the deed with full knowledge of the claim of these plaintiffs as to their legal interest in the property. There is no allegation that the Church, or anyone connected with it, defrauded the plaintiff in any way, or was guilty of any unfair practice. There are no specific allegations of any facts showing fraud by anyone in connection with the deed that the plaintiff executed. In *McIlroy* v. *Buckner,* 35 Ark. 555, Mr. Justice Eakin, speaking for this Court, said:

"It is not sufficient to plead fraud generally, or merely to characterize actions as fraudulent. The facts and circumstances constituting the fraud should be set forth. There should be some concealment, misrepresentation, craft, finesse, or abuse of confidence, by which

another is misled, to his detriment; and these or some of them, must be alleged and proved. Mere epithets, or adverbs characterizing conduct, which, in itself, may be innocent, amount to nothing. This has been repeatedly ruled by this court."

To the same effect, see also: *Burns* v. *Burns*, 199 Ark. 673, 135 S. W. 2d 670; *Ledwidge* v. *Taylor*, 200 Ark. 447, 139 S. W. 2d 238; and *Jansen* v. *Blissenbach*, 210 Ark. 22, 193 S. W. 2d 814.

The complaint failed to state a cause of action as regards the conveyance of the property now held by the Church: so as to Mrs. Betty Joe Sample Anderson, the Trial Court was correct in sustaining the demurrers to her complaint.

II. *The Allegations Of Mrs. Josephine Sample.* This plaintiff claimed that Claude Sample inherited an undivided one tenth interest in the estate of J. F. Sample; that Claude Sample died intestate on September 24, 1923; that this plaintiff is entitled to her dower interest in the estate of Claude Sample and is entitled to an accounting against various defendants who might have received some part of the estate of J. F. Sample. But the complaint further alleged that there appears of record in Book 61 at page 486 in the Deed Records of Union County, Arkansas, a warranty deed with relinquishment of dower, dated April 9, 1918, whereby Claude R. Sample and Josephine Sample, his wife, for the consideration of $1,000.00, conveyed to Mrs. F. E. Sample all the grantors' interest in the estate of J. F. Sample in Union County, Arkansas. The only allegations seeking to void this deed are these: that the acknowledgment appears to be defective in that it fails to comply with statutory requirements; that "The plaintiffs would show the court that this purported deed is void; . . ."; and "The plaintiffs would show the court that there is no evidence of any money having been paid to Claud R. Sample or Josephine Sample for this alleged deed."

As to the defective acknowledgment: we have had many curative acts since 1918 curing defective acknowl-

edgments. In Ark. Stat. Ann. §49-213 (1947), there is the Act No. 422 of 1941; and prior curative acts are listed in the annotation to such statute. So the vague allegation of "defective acknowledgment" was subject to demurrer. As to the allegation, ". . . that this purported deed is void . . .": this allegation was a mere conclusion; and was subject to demurrer. See *Wood* v. *Drainage Dist.,* 110 Ark. 416, 161 S. W. 1057. As to the allegation that the deed was without consideration: in the absence of any sufficient allegation of facts as to mental incapacity, fraud, duress, etc. (and no sufficient allegations of such a nature were contained in the pleadings), then evidence could not have been introduced to show a total absence of consideration. See *Davis* v. *Jernigan,* 71 Ark. 494, 76 S. W. 554; *Mewes* v. *Mewes,* 116 Ark. 155, 172 S. W. 853; and *Mo. Pac. Rd. Co.* v. *Swafford,* 186 Ark. 631, 55 S. W. 2d 85.

The Chancery Court was correct in ruling that the complaint of Mrs. Josephine Sample failed to state a cause of action.

III. *The Allegations Of Mrs. Pattie Jane Purifoy Peek.* This plaintiff claimed that her mother, Mrs. Grace Sample Purifoy, inherited a one-tenth interest in the estate of J. F. Sample; that Mrs. Purifoy also died intestate, and that this plaintiff as one of the heirs at law of her mother was entitled to an interest in the estate of J. F. Sample. This plaintiff further alleged that her father, L. L. Purifoy, was in 1924 duly appointed her guardian by the Probate Court of Union County, Arkansas, and on January 5, 1924, made the regular statutory guardian's bond with C. H. Murphy as surety thereon; that the said guardian executed various oil and gas leases, and various other conveyances, with special bonds in each instance, as required by statute, and with various sureties; and that this plaintiff was entitled to an accounting in this chancery action against the estate of her said guardian and the estate of each and all of the sureties on the various bonds, as well as against the heirs of any of the sureties that may be dead.

The complaint had this specific allegation: ''The record shows that there was no settlement made of the Purifoy guardianship . . .'' This allegation in the complaint is fatal to the alleged cause of action of Mrs. Pattie Jane Purifoy Peek because, as we have already shown in considering the allegations made by Mrs. Betty Joe Sample Anderson, until there has been a settlement of the guardianship proceedings in the Probate Court, there can be no suit in law or in equity to charge the guardian or the sureties on his bond. It is therefore clear that the allegations made by Mrs. Pattie Jane Purifoy Peek fail to state a cause of action; and the Chancery Court was correct in sustaining the demurrer to her pleadings.

*CONCLUSION.* After considering every angle of the case we reach the conclusion that the Chancellor was correct in sustaining the demurrers and dismissing the complaint; and it therefore becomes unnecessary for us to consider the matter of the quashing of service. The decree is in all things affirmed.