## HAWLEY v. UPTON.

A., by his bond, acknowledged the receipt from an insurance company of ten
shares of its capital stock, and agreed to pay $200 therefor, in instalments,
— one-fourth on the receipt of the stock certificate, and the remainder in
three equal amounts at three, six, and nine months from Jan. 7, 1871, the date
of the bond. He paid on executing it $25, and his name was entered as a
stockholder on the books of the company. The certificate was not deliv-
ered or demanded. In 1872, the company became bankrupt. *Held*, that the
assignee is entitled to recover of A. the unpaid instalments.

ERROR to the Circuit Court of the United States for the
District of Iowa.

This is an action brought July 25, 1873, by Clark W. Upton,
assignee in bankruptcy of the Great Western Insurance Com-
pany of Chicago, Ill., to recover from Theodore Hawley the
unpaid instalments alleged to be due on his contract to sub-
scribe to the capital stock of that company.

The court, the case having been submitted to it upon the
pleadings and proofs without the intervention of a jury, found
the following facts: —

" The plaintiff is assignee in bankruptcy, as alleged in the
petition.

" On the second day of January, 1871, Rossitur, agent of
the Great Western Insurance Company, requested the defend-
ant to take stock in said company.

" The defendant, on certain representations by Rossitur,
signed the following paper or bond: —

" ' No. —.]   THE GREAT WESTERN INSURANCE COMPANY.   [$200.
[Stamp.]

" ' Capital stock $500,000, with liberty to increase to $5,000,000.
Stock non-assessable.

" ' Organized July 20, 1857, under act of legislature approved
March 4, 1857.

" ' Know all men by these presents, that for and in consideration
of ten shares of the capital stock of the Great Western Insurance
Company of Chicago, Ills., received by me, I am held and firmly
bound, and agree to pay the Great Western Insurance Company of
Chicago the sum of two hundred dollars in instalments, as follows:

twenty-five per cent thereof upon receipt of stock certificate, twenty-five per cent in three months from date hereof, twenty-five per cent six months from date hereof, twenty-five per cent nine months from date, with interest ten per cent after due.

    " ' CHICAGO, 7th Jan'y, 1871.

                     " ' THEO. HAWLEY.  [SEAL.]

    " ' Signed and delivered in presence of ' —

    " At the time the said bond or paper was issued to Hawley the latter paid Rossitur twenty-five dollars, and delivered to him the bond. It was not delivered on any particular conditions. It was delivered to an agent of the company's, namely, the said Rossitur.

    " The company afterwards came into possession of the bond, and entered Hawley's name on their books as a stockholder, and published him in their publications as one of their stockholders, Hawley having no knowledge of the publications. Hawley paid no other money, and no calls were made upon him prior to the bankruptcy.

    " No certificate of stock was ever sent or delivered to Hawley, and he made no demand on the company for any certificate of stock.

    " The bankruptcy of the insurance company was caused by fire in October, 1871.

    " The defendant signed no subscription paper or any other paper than the bond above set out.

    " On the foregoing facts and the pleadings judgment was rendered for the plaintiff. The judges were opposed in opinion on the following questions : —

    " 1st, Whether the delivery of a stock certificate under the above circumstances was necessary to constitute the relation of stockholder between the defendant and the insurance company.

    " 2d, Whether the above facts constitute a defence to the action.

    " The judges being divided in opinion on the above questions, hereby certify such division to the Supreme Court, pursuant to the statute in such case made and provided."

    *Mr. Galusha Parsons* for the plaintiff in error.

    *Mr. C. C. Nourse, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

It cannot be doubted that one who has become bound as a subscriber to the capital stock of a corporation must pay his subscription if required to meet the obligations of the corporation. A certificate in his favor for the stock is not necessary to make him a subscriber. All that need be done, so far as creditors are concerned, is that the subscriber shall have bound himself to become a contributor to the fund which the capital stock of the corporation represents. If such an obligation exists, the courts can enforce the contribution when required. After having bound himself to contribute, he cannot be discharged from the obligation he has assumed until the contribution has actually been made, or the obligation in some lawful way extinguished.

These are elementary principles. *Upton, Assignee,* v. *Tribilcock,* 91 U. S. 45; *Webster* v. *Upton,* id. 65. The only question we have to consider is whether, from the facts found, it appears that Hawley, the plaintiff in error, had become an accepted subscriber to the stock of the company before the bankruptcy. There can be no doubt that he was approached by an agent of the company with a view of securing him as a subscriber. It is equally true that after the representations made to him he was willing to become a stockholder. The result was that he executed the paper set out in the findings, by which he acknowledged the receipt from the company of ten shares of its stock, and agreed within the time named to pay to the company $200, or twenty per cent of its par value. As the company could not sell its stock at less than par, what was done amounted in law to a subscription for the stock, and nothing else. It is true the stock he took purported to be non-assessable; but that in law could only mean that no assessment would be made beyond the percentage he had specially bound himself to pay, unless the legal liabilities of the company required it. *Upton, Assignee,* v. *Tribilcock, supra.*

The paper he signed was delivered to the company by the agent who got it. That it was accepted by the company as a subscription is shown conclusively by the fact that his name was entered on the books as a stockholder and publication

made accordingly. It matters not that he had no knowledge of such a publication. His receipt for the stock was an acknowledgment, so far as he was concerned, that he had become a stockholder, and, after an acceptance by the company, his liability was fixed whether any publication was made or not. The publication is only important as a means of showing that his subscription made to an agent had been accepted and ratified by the company. The entries on the books had the same effect. The publication only made it more notorious. The ultimate fact to be established is that a subscription had not only been made by Hawley, but accepted by the company.

Both in the pleadings and the argument the defence was put principally on the fact that no certificate of stock had been issued. It may be conceded that if a suit had been brought by the company on the express promise to pay the twenty per cent, there could have been no recovery without a tender of the certificate; but that is not this case. Here the creditors of the bankrupt company are proceeding against Hawley as a stockholder, to compel him to contribute to the fund which the law had provided for their security, what he by his subscription agreed he would pay. The suit is not brought on his special agreement to pay the twenty per cent, but on his general liability as a subscriber to pay for his stock whenever it was wanted to meet the liabilities of the company. As the certificate was not needed to perfect the subscription, its non-delivery cannot stand in the way of a recovery in this action.

We have no hesitation in answering each of the questions certified in the negative, and the judgment is consequently

*Affirmed.*