WARNER *v.* BONDS.

Opinion delivered February 2, 1914.

1.  EVIDENCE—VARYING WRITTEN CONTRACT BY PAROL EVIDENCE.—In an action on an instrument, the first part of which was in the form of an ordinary promissory note, and the latter part contained provisions for the securing of the payment of the same by the sale of certain stock certificates, attached as collateral, the defendant can not show as a defense, an agreement that the corporation represented by the stock should pay such dividends on the stock as to enable defendant to pay the obligation.   (Page 245.)

2.  BILLS AND NOTES—FRAUD.—In an action on an instrument consisting of a promissory note, and a provision for its payment by means of the sale of stock certificates attached as collateral, *held* fraud rendering the contract void was not shown by the allegation of the defendant.   (Page 246.)

3.  CORPORATIONS—ACTION BY STOCKHOLDER TO DISSOLVE.—In an action on an obligation consisting of a note and a provision for the payment of the same by the sale of stock certificates attached as collateral, *held* the answer filed by plaintiff to defendant's cross-bill should not be treated as a suit by a minority stockholder to wind up the affairs of a corporation.   (Page 246.)

4.  CORPORATION—RIGHT OF MINORITY STOCKHOLDER TO WIND UP.—A minority stockholder may, in a proper case, maintain an action against a corporation  and its board of directors to wind up its affairs, and to seek relief from the fraud of the directors.   (Page 246.)

Appeal from Pope Chancery Court; *Jordan Sellers,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

On the 29th day of November, 1910, the appellant executed his promissory note to the appellees for the sum of $2,008.17, due November 29, 1911, and bearing interest at the rate of 10 per cent per annum from maturity

. until paid. The note was negotiable, and payable at the bank of Russellville.

The note specified that certain shares of stock (giving the numbers) of $25 per share were endorsed in blank by the maker of the note and attached as security for the payment of the note. The note also, among other things, specified that in the event of the nonpayment of the note at maturity, the holder should have the right to sell and convey the stock deposited as collateral to secure the payment of same, the sale to be made at public or private sale, as the holder of the note might deem best, with or without demand of any kind, or notice.

In February, 1913, after the note became due, appellees advertised the stock certificates mentioned therein as collateral, for sale whereupon appellant filed, in the Pope Chancery Court, his complaint against the appellees, in which he alleged, among other things, that the Pope County Real Estate Company is a business corporation located at Russellville, Pope County, Arkansas, and that it was originally composed of Bonds, Hogins and Cockrill, who were the only members of the corporation and owned all of the stock; that Cockrill sold his stock to Hogins and Bonds, the other two members of the corporation, thus reducing the number of stockholders from three to two; that in November, 1910, appellant bought from appellees a one-third interest in the business of the Pope County Real Estate Company, which interest was represented by the certificate of stock formerly owned by S. P. Cockrill; that the assets of the corporation at that time were approximately $6,000; that the note given by him was for a one-third interest in the entire business; that the appellees delivered to appellant a complete list of the assets of the corporation (which was made an exhibit to the complaint), and that it was agreed that other assets of the corporation not mentioned therein should be added to the same; that it was further agreed that each of the stockholders should execute his note for the value of his stock, and that if said note could not be paid when due it should be extended.

This agreement is contained in the transcript as a part of the complaint, and is as follows:

"It is hereby agreed by and between W. O. Bonds, J. F. Hogins and J. S. Warner, the three only members of the Pope County Real Estate Company, of Russellville, Pope County, Arkansas, that the note made by each individual to the Pope County Real Estate Company, covered by stock as collateral and placed in the Pope County Bank, shall be paid according to the full-faced tenor thereof and in case it is impossible to pay this note, when due, it is agreed by and between the parties thereto that their individual note shall be extended.

(Signed)  "W. O. Bonds,
"J. S. Warner,
"J. F. Hogins, Sec."

There is also attached to the complaint an agreement, which is made exhibit "A." This is an agreement between the Pope County Real Estate Company, a corporation organized under the laws of the State of Arkansas, and having its home office at Russellville, Pope County, and the appellant. It states that the corporation, for the consideration of $1,993.23 agrees to sell Warner one-third of the stock, and acknowledges a cash payment of the sum of $500, leaving a balance due the corporation of $1,493.23, which was evidenced by a note of even date, due and payable on or before one year from the date of the instrument, bearing interest at the rate of 8 per cent per annum. The instrument specifies that the purpose of it is to take Warner into the corporation on equal footing with Bonds and Hogins, the other members. The agreement is dated November 26, 1910.

The complaint alleged that the assets of the corporation showed a value of $5,979.69, one-third of which appellant purchased under the terms of the above agreement; that an invoice had been taken of the assets of the corporation; that appellant turned over to the corporation an automobile of the value of $500 and a typewriter worth $100, for which he was to have credit on his note as a payment for his one-third interest of the stock in

said corporation; that appellees were carrying on the business of the corporation as partners, and not as a corporation, and were appropriating the profits to their own individual use that should go to the credit of the corporation. He alleged that upon a fair settlement he did not owe appellees the sum of $2,008.17 on the note for which they were seeking to subject the collateral, and alleged that they were endeavoring to squeeze appellant out of the company and to appropriate to themselves all that appellant had invested in the company; that there was constant friction between appellant and appellees, and that on that account the business of the corporation was becoming unprofitable and a continuation thereof was impracticable, and he therefore asked for a temporary restraining order, that a receiver be appointed to take charge of the business, for a master to state an account, that the corporation be dissolved and the assets distributed among its stockholders.

Appellant, after obtaining a temporary restraining order, filed his motion to make the Pope County Real Estate Company, the corporation, a party defendant, and asked and obtained leave to file an amended complaint, which he did, which, after setting up the matters contained in the original bill, recited that after he became a stockholder, the board of directors fixed the capital stock at $15,000, divided into shares of $25 each; that at the time of said board meeting the assets of the corporation would not exceed the value of $5,000; that appellant, being a stranger, did not know this at that time; that appellees represented to him that the profits of the business accruing on appellant's interest would, by the time that his indebtedness matured, be sufficient to pay off and discharge said indebtedness, and they further represented that if his share of the dividends was not sufficient to discharge said indebtedness at the maturity of his note, they would from time to time extend said note until the profits would be sufficient to pay it. He further alleged that the profits were sufficient to pay off his indebtedness had a dividend been declared, but that appellees,

representing a majority of the stock, would not declare a dividend, which was a fraud upon appellant's rights and rendered him unable to meet the payment upon his note when same became due; that appellees' refusal to declare the dividend was for the fraudulent purpose of acquiring appellant's stock which he placed with them as collateral security by forcing the sale of said stock when they were withholding from him the profits which had accrued. He set up that the annual report showed that the property of said corporation was worth approximately $29,000. He prayed for an accounting and that the profits be apportioned among the stockholders, and for all proper relief.

Appellees filed an answer to the complaint, denying its allegations, and setting up, by way of cross complaint, the indebtedness of appellant to them as evidenced by his promissory note, a copy of which they attach, with a copy also of the certificate of the shares of stock as collateral security for the payment of said note. They set forth in the cross complaint, in detail, the transactions alleged to have been had between them and appellant. Alleged that the note sued on in the cross complaint was prepared by, and was in the handwriting of, appellant. That appellant was vice president of the corporation, and that as vice president he had joined with appellees, the other members of the corporation, in accepting title to lands, conveying lands, and acting all the time in his official capacity as vice president, and was therefore estopped by his conduct to deny the corporate existence of the Pope County Real Estate Company.

Appellees set up in their cross complaint and amendment thereto, in detail, the organization and incorporation of the Pope County Real Estate Company, and set out the manner in which the stock formerly owned by Cockrill was transferred to the appellant; and, among other things, alleged that appellant paid to appellees $500 cash as part payment for his shares of stock that were reissued and delivered to appellant by the appellees, and that appellant, being indebted to the appellees in the

further sum of the note herein sued on, executed said note and pledged said shares of stock, as before alleged, for the payment of the same.

Appellant filed a reply and answer to appellees' amended answer and cross complaint, in which he denied that he owed the appellees the sum of $2,008.17, but admitted that he owed the sum of $1,493.23, with interest at the rate of 8 per cent per annum; but denied the right of appellees to sell the collateral for the satisfaction of that debt. He alleged that appellees agreed that in case appellant was unable to pay said note when due, the time was to be extended, it being the agreement between appellant and appellees that appellant was to pay the note out of the proceeds of the dividends accruing to him from his shares of stock in the Pope County Real Estate Company. He further alleged that a dividend was to be declared annually, which appellees had failed to do, forcing the members of the corporation to invest all the dividends from the business of the corporation in real estate and personal property, thereby depriving appellant of any dividends with which to pay off the said note. He set up that it was agreed between himself and the appellees when they formed the corporation that each of them should draw $35 per month; that he had no other way of paying the amount due the appellees, and that appellees refused to dispose of any property owned by the Pope County Real Estate Company and divide the proceeds, and that as appellees owned two-thirds of the stock of the corporation and appellant only one-third, appellees are attempting by this method of selling the collateral to pay off the note to freeze him out of the business.

Appellant then offers to pay the amount of the note if appellees will live up to their agreement and sell enough of the lands and notes belonging to the corporation to pay the debt. He alleges that if appellees are not enjoined he will be greatly damaged. His interest in the corporation, according to the report filed with the secretary of said corporation, is worth $9,000. He therefore

prayed for a restraining order preventing the appellees from selling his stock until they declared a dividend or permitted enough of the assets belonging to the corporation to be sold to pay appellant's debt to appellees.

The appellees demurred to appellant's complaint, setting up that it does not state facts sufficient to constitute a cause of action justifying equitable interposition of the court, and alleging that the facts stated therein failed to set up a cause of action. The court sustained the demurrer and dismissed appellant's complaint, and rendered a decree in favor of appellees on their cross complaint for the amount of the note and interest less a credit of $500, making the total amount of the decree $1,708.25. Appellant seeks by this appeal to reverse that decree.

*J. G. Wallace* and *J. B. Ward,* for appellant.

1. Equity having once acquired jurisdiction will grant relief, legal or equitable, justified by the pleadings. 46 Ark. 96; 48 *Id.* 312, 116 Am. St. 877-880; 75 Ark. 52; 77 *Id.* 570; 89 *Id.* 368.

2. Equity has jurisdiction on application of a minority stockholder to wind up a corporation. 133 Ala. 250; 93 Me. 324; 49 N. J. Eq. 23; 93 Tenn. 708; 101 Fed. 338.

3. A stockholder in private corporations has a right to relief, either in law or equity. 18 Ark. 338; 96 *Id.* 281.

4. The note and all the agreements should have been construed together and evidence admitted to explain their relation to each other. 60 Ark. 595; 75 *Id.* 17; 9 *Id.* 501; 18 *Id.* 65; 43 *Id.* 184.

*J. T. Bullock,* for appellees.

1. A written agreement can not be varied or added to by parol evidence. 92 Ark. 504.

2. If there are any conditions they must be embodied in the contract. 1 Cook on Corp., § 81; Beach on Private Corporations, § 531. Separate agreements inconsistent with the written contract are invalid. *Ib.*

3. Courts of equity do not interfere with the man-

agement of corporations, or control the directory, unless fraud or other ground of equitable jurisdiction is shown. 96 Ark. 281.

WOOD, J., (after stating the facts). The court was correct in sustaining the demurrer to appellant's amended complaint and in dismissing same, and in rendering judgment for the appellees on their cross complaint for the amount of the note sued on less the credit of $500 which appellees, by their demurrer, admitted had been paid to them.

The court evidently treated this suit upon the pleadings as an ordinary suit upon the part of the appellees against appellant to recover on the instrument set out in the statement, the first part of which is in the form of an ordinary promissory note and the latter part containing provisions for the securing of the payment of the same by the deposit of certificates of stock as collateral and specifying the manner in which these collaterals should be disposed of in the event the contract was not performed on the part of the appellant according to its terms.

There is nothing in the contract itself to indicate that the payment of the sum mentioned therein was conditioned upon whether or not the Pope County Real Estate Company, a corporation, succeeded in managing its business so as to enable the appellant as a stockholder of that corporation to pay the note by reason of dividends declared on his stock in the corporation.

The contract evidencing the indebtedness sued on by the appellees was purely a contract between individuals. The shares of stock for which the note was executed belonged to appellees as individuals, and they sold these shares to the appellant as individuals, and not as a corporation. The corporation did not own the stock. The corporation, under the plain terms of the contract, had no connection with the transaction, and should not have been made a party to the lawsuit.

As we view the pleadings on the part of the appellant, they discover an effort to make the performance of

the contract on his part depend upon conditions that are entirely outside of and disconnected with the contract itself. This can not be done. See *Collins* v. *Southern Brick Co.*, 92 Ark. 504, and authorities cited.

The appellant's pleadings did not allege facts sufficient to show fraud on the part of appellees entering into the contract that would make the same void. The agreement set up in appellant's pleadings, signed by himself and appellees, showing that each had made an individual note to the Pope County Real Estate Company, covered by stock as collateral, and showing an agreement that the time for the payment of these individual notes should be extended if it was impossible to pay the same when due, does not show upon its face that it had any connection with the contract on which appellees seek to recover herein, nor are there any allegations in appellant's pleadings sufficient to make such agreement a part of the contract on which this suit is based. Moreover, there are no provisions in this agreement itself or allegations in the pleadings to show that there was any consideration therefor.

Appellant's answer to appellees' cross complaint puts him in the attitude of conceding that he owes the appellees the amount sued for, less the credit of $500 cash which he claims to have paid (and which appellees, by their demurrer, admit), but he says that judgment should not be rendered against him because appellees agreed to extend the time and agreed that appellant should pay the note out of his share of dividends accruing to his stock in the corporation. But, as we have shown, these conditions are not contained in the written contract upon which appellees bottom their right to recover and the court was correct in not considering them as a sufficient defense to appellees' suit. The court was not warranted in treating appellant's answer to appellees' cross complaint, or any of the pleadings filed by appellant, as a suit on the part of a minority stockholder against the corporation and its board of directors to wind up the affairs of the corporation and to grant him some spe-

cific relief from the fraud and mismanagement of its governing body. Undoubtedly this can be done in a proper case. See *Redbud Realty Co. v. South*, 96 Ark. 281, and other authorities cited in the brief of learned counsel for appellant. But, as we view the pleadings, this is not such a case. The decree is therefore correct, and the judgment is affirmed.