## OZARK DIAMOND MINES CORPORATION *v.* TOWNES & GARANFLO.

### Opinion delivered April 19, 1915.

1. INSTRUCTIONS—REQUEST BY BOTH SIDES FOR A DIRECTED VERDICT.—When both parties to an action request a directed verdict and ask no other instructions, they in effect agree that the question at issue shall be decided by the court, and the court's finding has the same effect as the verdict of a jury.

2. BILLS AND NOTES—FAILURE OF CONSIDERATION.—The total failure of the consideration is as good a defense to a suit upon a bill or note as the original want of it, and is confined to the like parties.

3. CONTRACTS—FAILURE OF CONSIDERATION.—Failure or want of consideration is a defense or a defense *pro tanto* to an action between the parties, but inadequacy of consideration, does not in law constitute a defense.

4. BILLS AND NOTES—CONTRACTS—INADEQUACY OF CONSIDERATION.—Where A. purchased stock, giving his note therefor, the fact that the stock depreciated in value or became worthless gives A. no right to avoid his obligation.

5. CONTRACTS—FAILURE OF CONSIDERATION—SALE OF STOCK.—A. executed his note to appellant corporation, in consideration that he should sell for appellant certain stock in appellant corporation, and the proceeds of the sale were to be given to appellant and appellant was to issue stock to the purchasers; A was to receive as compensation all sums received from sales of stock in excess of the amount of the note; after a small amount of stock was sold the appellant corporation failed and was adjudged a bankrupt. *Held*, when appellant ceased to do business the contract was terminated, as A. could no longer sell stock, and this constituted a failure of consideration so that appellant could not recover on A's note.

6. EVIDENCE—CONTRACT—FAILURE OF CONSIDERATION.—Although parole evidence to contradict, alter or vary a written contract, upon the ground that written evidence is of a higher grade than oral testimony, it is equally settled that the maker of a note may show against the payee or other person standing in the same situation, that the consideration has failed.

7. CONTRACTS—FAILURE OF CONSIDERATION.—Failure of consideration, total or partial, occurs when the consideration, good and sufficient at the time the agreement is made, by some breach of contract, mistake or accident, has afterward failed.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; affirmed.

*McRae & Tompkins,* for appellant.

1.   Parol testimony is inadmissible to contradict the terms of a valid written instrument.   Greenleaf on Ev., § § 275-277; 153 U. S. 224; 117 *Id.* 582; 17 Cyc. 647; 50 Ark. 393; 25 *Id.* 191; 24 *Id.* 20; 36 *Id.* 487; 37 *Id.* 110; 83 *Id.* 163; 49 *Id.* 285; 20 *Id.* 293; 127 S. W. 882; 115 Fed. 397; 31 L. R. A. (N. S.) 235.

This case does not fall within the rule as held in 76 Ark. 140; 82 *Id.* 219, or 100 *Id.* 360.

The agreement attempted to be proven by parol was certainly "contemporaneous" and inadmissible.   Cases *supra.*

*Murphy & McHaney* and *Wallace Townsend,* for appellees.

Parol evidence is admissible to show that a note was never delivered as a final or completed transaction, or that there was no consideration for it, or that the consideration had failed.   1 Greenleaf on Ev. (15 ed.), § 284; 100 Ark. 360; 105 *Id.* 281; 82 *Id.* 219; 76 *Id.* 140.

HART, J.   Appellant sued appellees to recover upon a promissory note for $10,000.   Appellees interposed a plea of a failure of consideration in defense to the action on the note.   The facts are as follows:

The note in question was introduced in evidence and shows that it was executed by appellees on October 26, 1912.   It was payable to the order of appellant for $10,-000, and was nonnegotiable.   For several years prior to the execution of the note, appellant company had not done any business, but about the time the note was executed, it began the establishment of its plant, and was proceeding to develop its property.   Fifty-nine thousand dollars worth of stock in the corporation had been sold by the company to an engineer in consideration of certain services to be performed by him.   The engineer failed to perform the services and the stock was not issued or delivered to him.   R. D. Duncan, president of the appellant company, made an agreement with appellees J. M. Townes and W. H. Garanflo to sell this stock on a basis netting

the company $4.23 per share. The agreement was that appellees should sell the stock for any amount over $10,-000 that they pleased, and that the excess over that amount should be received by them as consideration for their services in selling the stock. The stock was to be issued by the corporation to the purchasers procured by the appellees, and appellees were to turn in to the corporation the amounts they received for the purchase price of the stock until the corporation received $10,000. The note was simply executed as a memorandum of the agreement. Soon after the date of the execution of the note, appellee Townes began the sale of the stock and turned in $1,700 to the corporation. The corporation issued the stock to the persons purchasing it as directed by Townes. Some time in June, 1913, the corporation became insolvent and subsequently its affairs were wound up in bankruptcy. The above facts were testified to by appellees, and also by Duncan, the president of the corporation.

At the close of the evidence, both parties asked the court for a directed verdict. The court instructed the jury to return a verdict in favor of appellees, and from the judgment rendered upon the verdict appellant has prosecuted this appeal.

(1)   In the case of *St. Louis S. W. Ry. Co.* v. *Mulkey*, 100 Ark. 71, the court held that where each of the parties to an action requests the court to direct a verdict in his favor, and requests no other instructions, they in effect agree that the question at issue should be decided by the court and the court's finding has the same effect as the decision of a jury.

Counsel for appellant objected to the introduction of the oral testimony, and assigns as error the action of the court in admitting it. They insist that this case does not fall within the principles of *Graham* v. *Remmel*, 76 Ark. 140, where it was held that it can be shown that a note sued on was not to operate as a binding obligation until certain conditions were performed, since such evidence does not vary or alter the instrument, but merely shows that it never became a valid undertaking. Counsel are

correct in this contention because the evidence introduced does not tend to show that the note sued on was not to become a binding obligation until certain conditions had been performed. It became an absolute agreement when it was executed, but it by no means follows that the admitted evidence violates the well-known rule that parol evidence can not be introduced to vary or alter a written instrument.

(2) The defense relied upon by appellees was a failure of consideration of the note sued on. The total failure of the consideration is as good defense to a suit upon a bill or note as the original want of it, and is confined to the like parties. Daniel on Negotiable Instruments (6 ed.), volume 1, section 203; *Gale* v. *Harp,* 64 Ark. 462; 3 Ruling Case Law, Bills and Notes, sections 138-142.

In the case of *Webster* v. *Carter,* 99 Ark. 458, the court held on a plea of a partial failure of consideration in an action on a promissory note that a defendant is entitled by way of recoupment for so much of the consideration as has failed.

The undisputed evidence in this case shows that appellees did not purchase the stock of the corporation, and that the note was not given for stock which was issued to them in exchange for the note. If the note had been given for the purchase of stock by appellees, there would be a valuable consideration, for the stock was property, and the mere fact that the stock subsequently proved to be worthless would not affect the validity of the note.

(3) A distinction is to be observed between want or failure of consideration, which is a defense or a defense *pro tanto* to an action between the parties, and inadequacy of consideration which does not in law constitute a defense.

(4) If appellant had sold stock to appellees and appellees had given their note in exchange for the stock which subsequently depreciated in value or became worthless, such depreciation would give appellees no greater right to avoid their obligation than an enhanced value of

the stock would avail appellant an excuse for nonperformance of the contract on its part.

Here, however, as we have already seen, there was no sale of stock by appellant to appellee. The consideration for the execution of the note was that appellees should sell for appellant fifty-nine thousand shares of stock at the net value of $4.23 per share; and the note was given for the proceeds of the sale of the stock. Appellees were to receive as compensation all sums in excess of that amount. It was understood that as sales of stock were made, the money should be turned in to the appellant company by appellees and appellant would issue stock to the purchasers for the amount sold to them. There was no time limit within which the sale was to be made. Appellees proceeded under the agreement and turned in to appellant company all amounts received by them for the purchase of the stock and appellant issued stock to the purchasers.

(5)    About seven months after the note sued on was executed, the corporation ceased to do business, and was subsequently adjudged a bankrupt. When the appellant company became insolvent and ceased to transact business, the contract was terminated. Appellees thereafter could not sell any of the stock of appellant because appellant had, by its insolvency, put it out of its power to issue the stock. This constituted a failure of consideration.

(6-7)    Though it is the settled rule in this State that parol evidence is not admissible to contradict, alter or vary a written contract upon the ground that written evidence is of a higher grade than oral testimony of witnesses, it is equally well settled that the maker of a note may show against the payee or other persons standing in the same situation that the consideration has failed. It has been said that failure of consideration, total or partial, occurs when the consideration good and sufficient at the time the agreement is made, by some breach of contract, **mistake or accident,** has afterward failed.

The evidence to the admission of which objection was made by appellant shows that the proceeds arising from

the sale of stock in appellant corporation was the consideration for the note sued on, and appellant, by its insolvency, having put it out of its power to issue the stock which was to be sold by appellee for it, the consideration for the note failed.

It follows that the judgment must be affirmed.