Rice *v.* Milligan.

Opinion delivered May 28, 1928.

*Coleman & Reeder,* for appellant.
*J. H. Townsend* and *L. B. Poindexter,* for appellee.

HUMPHREYS, J. This is a suit brought by appellant against appellee in the circuit court of Lawrence County, Western District, for alleged balances totaling $735.76 upon five promissory notes, one of which was executed for corn and the others for rent of a bottom farm for the years 1922, 1923, 1925 and 1926. A note was also executed for rent for said farm for 1924, but it had been paid in full, and was not included in the suit. The several rent notes sued upon were originally for $300 each. One was executed each year for the rent for the farm for that specific year and made payable the following fall. The rent notes were similar in form and substance, so the purport of each may be understood by setting out only one of them. The first one executed is as follows:

"$300.00                                      Jan. 21, 1922.

"On or before Nov. 1, 1922, I promise to pay to W. M. Rice the sum of three hundred dollars, with interest at the rate of 10 per cent. per annum from January 1, 1923, until paid; for.................value received.

"The consideration for which the above note is given is for rent on the Caynie Brook farm for the year 1922; east side of Caynie Creek.

"Signed K. F. Milligan.

Indorsed: "March 29, 1923: Credit by one check given by Mrs. M. G. Shaver $300. Balance due May 25, 1925 ........................................................................$ 9.12

1.51 Int. 1 yr. 8 mo.

Total ..............................................................$10.63

December 10, 1926. Credit by 10 bu. corn $10. $10.63 paid in full."

Credits in different amounts appear on the respective notes.

Appellee interposed the defense to the alleged cause of action that there was an oral contemporaneous agreement to the effect that, should the crop be damaged or destroyed by the floods during any year of the five-year rental period, he should have a credit on the rental note

for that particular year in the same proportion that the damage bore to the whole crop so damaged, and that under said agreement he was entitled to a credit of $225 by reason of damage to his crops on said farm by overflow for the year 1923, and the sum of $270 by reason of damages to his crop by overflow on said farm for the year 1925, and that he had made other payments which did not appear as credits upon any of the notes sued upon.

A demurrer was filed to the answer and overruled, to which action of the court appellant objected and excepted.

In the course of the trial appellee was allowed to prove the alleged oral contemporaneous agreement, over the objection and exception of appellant. After he was permitted to introduce proof tending to show such an oral agreement, appellant testified that he did not agree to allow a *pro rata* credit on the rent notes on account of damages resulting to crops from floods.

The cause was sent to the jury, over appellant's objection and exception, to determine this issue of fact, as well as what other credits appellee was entitled to on the rent notes, the court instructing the jury as follows relative to the issue of damages done by floods:

"Now, if you believe from the preponderance of the testimony in this case that the defendant, Milligan, entered into a contract with the plaintiff, Rice, for the lands that have been testified about in the case, and that it was agreed in said contract that, in case of an overflow and loss or damage to the crops, the defendant, Milligan, was to have credit in the event of such overflow for the loss of any of the crops, and further believe that there were such overflows during the term of years that he had this land rented from the plaintiff, Rice, that caused damage to the crop for any such year, then you would be authorized to give the defendant, Milligan, credit for such loss or damage as you believe from the preponderance of the testimony he has sustained from such overflows, if any."

The jury returned a verdict in favor of appellee, on which judgment was rendered dismissing appellant's complaint at his cost, from which is this appeal.

The trial court erred in sending the case to the jury upon the issue of whether the notes should have been credited on account of damage done to the crops for the years 1923 and 1925 by reason of the floods.

The rent notes were contractual by their terms, specifying a certain and definite amount to be paid by appellee for the rent of the farm in question for each year. No condition that appellant would allow a credit on the rent notes for damage done to the crops on account of floods was incorporated in the notes. The notes purport to be an absolute promise to pay so much rent each of the years for the rent of the farm, and to permit or allow oral proof to the effect that they should be credited *pro rata* for damages done to the crops by floods would contravene the rule of law which precludes the admission of parol evidence to contradict or substantially vary the legal import of the note. *Harmon* v. *Harmon,* 131 Ark. 501, 199 S. W. 553; *Abbott* v. *Kennedy,* 133 Ark. 105, 201 S. W. 830. It was said by this court in the recent case of *First National Bank of Jonesboro* v. *Snyder Mfg. Co.,* 175 Ark. 1174, 1 S. W. (2d.) 817, that ''parol testimony is not admissible to vary the terms of a written contract, or to show a contrary intention than that disclosed by the instrument itself, unless there is an ambiguity, and this rule is applicable to promissory notes.''

As stated before, the note on its face is contractual, and, as written, was a complete contract within itself, not subject to contradiction by parol testimony of an oral contemporaneous agreement.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.