POULAS *v.* KUMPURES.

4-3440

Opinion delivered April 9, 1934.

*T. P. Oliver* and *Coulter & Coulter,* for appellant.
*Brown & Bradley,* for appellee.

HUMPHREYS, J. This suit was brought by appellant against appellee in the municipal court of Little Rock to recover $300 principal and $108.94 interest, or a total of $408.94, upon four out of a series of rent notes executed

by Peter Kumpures to N. Brastos, alleging that he (appellant) was the owner thereof for a valuable consideration, and that no part of said notes had been paid.

Appellee filed an answer admitting the execution of the notes to N. Brastos, but denied that Brastos transferred them to appellant for a valuable consideration, and denied that no part of said notes had been paid, and, by way of further answer, alleged that the notes were executed as rent notes subject to the terms and conditions of a lease entered into on the 6th day of May, 1928, by and between Christine M. Bryan, lessor, and Peter Kumpures, lessee, under the terms of which the rent should cease and all unpaid rental notes should become void in the event the leased property should be destroyed by fire and rendered untenantable.

Upon a trial of the cause, the municipal court rendered judgment in favor of appellee, from which an appeal was duly prosecuted to the circuit court of Pulaski County, Second Division.

In the circuit court, appellee was permitted, over the objection and exception of appellant, to file an amended answer and counterclaim, in which he adopted a part of his former answer, and, by way of counterclaim, alleged that on or about December 19, 1930, the appellee paid the sum of $600 to appellant for $700 worth of the unpaid notes, which were a part of the same series as those sued upon, under agreement with appellant that, should the building be destroyed by fire, he would refund said amount to him.

The cause was submitted upon the pleadings, the evidence adduced, and instructions of the court, resulting in a judgment dismissing appellant's complaint, from which is this appeal.

The facts reflected by the record are, in substance, as follows:

Brastos had a lease on certain property in El Dorado belonging to Mrs. Christine M. Bryan. He ran a billiard hall therein, and Mrs. Bryan desired to make a five-year lease on the property to appellee and was compelled to buy the Brastos lease in order to do so. Appellant had

advanced Brastos money with which to conduct his business, and was anxious to collect same. Appellant and Brastos were willing to accept $1,000 in cash and take a certain number of appellee's rent notes for the Brastos lease and billiard hall. Mrs. Christine M. Bryan, acting through her husband, purchased the lease and billiard hall from Brastos and leased a part of the premises thus acquired to appellee. Her husband ran the billiard hall and cut off a space therein for appellee's hat shop. The lease for which appellee executed the series of rent notes provided that they should become void in case the building should be destroyed by fire. The series of rent notes were made payable to Brastos. He turned them over to appellee without indorsing them. The check for $1,000 was indorsed by both appellant and Brastos when they cashed it. Appellant afterwards proposed to discount a part of the rent notes which he had received, and appellee accepted his proposition and paid him $543 in cash for them on condition, according to testimony introduced by him, that he (appellant) would refund the money in case the building should be destroyed by fire. Appellant testified that they were discounted and turned over to appellee unconditionally, and that he made no promise to return the money in case the building was destroyed by fire. There is a dispute in the testimony as to whether appellant took the notes originally from Brastos with knowledge that they were to be void in case the building should be destroyed by fire. Appellant denied such knowledge, but two witnesses testified on behalf of appellee that the lease was read to appellant twice before the notes were assigned and delivered to him, and that he knew such a clause had been inserted in the lease. The record also reflects, without dispute, that appellee refused to execute the lease and sign the rent notes until such a clause was inserted in the lease, and that, after same was inserted therein, he delivered the rent notes to Brastos and took possession of the part of the space he was entitled to under the lease and occupied same until the building was destroyed by fire. The lease itself was not signed by appellee after said clause was inserted in accordance with his request and demand. The building was

destroyed by fire on May 31, 1931. Three of the notes sued upon matured before the fire and one thereafter. The notes which were discounted and turned over to appellee by appellant had not matured at the time of the fire.

At the conclusion of the testimony, appellant requested the court to instruct a verdict in his favor for the full amount, principal and interest, covered by the notes sued upon, which was refused. Then he requested the court to instruct a verdict for the amount, principal and interest, covered by the three notes which matured before the building was destroyed by fire, which was refused.

These instructions were requested by appellant on the theory that he was an innocent purchaser of the notes for value before maturity, and the refusal of the court to give these instructions and the submission of this issue to the jury constitute the main contention of appellant for a reversal of the judgment. These instructions could only be justified on the ground that the undisputed testimony showed that appellant was an innocent purchaser for value of the notes before maturity; whereas there is testimony in the record showing that appellant knew all about the transaction, and that the lease contained a clause to the effect that the rent notes should be void in case the building should be destroyed by fire.

Appellant also contends for a reversal of the judgment on the ground that the written lease does not refer to the written notes nor the written notes to the lease, and that the court committed error in admitting oral evidence to show the connection between them. Oral testimony showing the connection between them does not have the effect of contradicting the terms of either as argued by appellant. The effect of the testimony was to show that they were parts of the same agreement and not for the purpose of changing or modifying the provisions of the written instruments. Again, it is always permissible "to show the consideration for a promissory note by oral proof for the purpose of showing want or failure of consideration, or illegality of consideration." *Vinson* v. *Wooten*, 163 Ark. 170, 259 S. W. 366.

Appellant also contends for a reversal of the judgment because the undisputed evidence reflects that the lease was never signed by appellee. It is immaterial under this record whether the lease was signed by appellee or not. It was signed by the lessor and accepted by the appellee, who went into possession under it and remained in the building until it was destroyed by fire.

Appellant also contends for a reversal of the judgment because appellee was permitted to plead a counterclaim for the first time in circuit court. It is true the written answer filed in the municipal court did not set out the counterclaim, but that does not necessarily mean that it was not orally pleaded. In fact, the judgment rendered by the municipal court could not have been rendered upon any other theory than that the counterclaim was pleaded. Oral pleadings are permissible in municipal or justice's courts, and it was within the discretion of the circuit court to allow appellee to embody in the amended answer the counterclaim pleaded orally in the municipal court.

No error appearing, the judgment is affirmed.